## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DALE EUGENE CHANDLER,**

      **Plaintiff,**

**v.**                                           **Case No.: 8:20-cv-3009-T-23AAS**

**ANDREW SAUL,**
**Commissioner of Social Security,**

      **Defendant.**

_____/

## ORDER

Dale Eugene Chandler requests a jury trial and appointment of counsel. (Docs. 6, 7).

Mr. Chandler action is an appeal of the Commissioner of Social Security's decision to revoke Mr. Chandler's social security disability benefits. (*See* Doc. 1). Mr. Chandler's request for a jury trial is denied because no issue in this appeal is triable by a jury. Turning to the appointment of counsel request, a plaintiff in a civil case has no constitutional right to counsel. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). However, a court may, under 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff in "exceptional circumstances." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). Whether exceptional circumstances exist is committed to the district court's discretion. *Bass*, 170 F.3d at 1320. Exceptional circumstances may exist when the facts or legal issues are "so complex as to require the assistance of a trained

1

practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (internal quotation and citation omitted).

Mr. Chandler has not identified any exceptional circumstances that warrant the appointment of counsel and his complaint does not present any complex factual or legal issues. *See Vickers v. Georgia*, 567 F. App'x 744, 749 (11th Cir. 2014) (finding that district court did not abuse its discretion to refuse to appoint counsel where case alleging constitutional violations did not present novel or complex issues of law).

Accordingly, Mr. Chandler's Motion for a Jury Trial (Doc. 6) and Motion to Appoint Counsel (Doc. 7) are **DENIED**.

**ORDERED** in Tampa, Florida on January 6, 2021.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

Copies to:
Dale Eugene Chandler

2